Mr. Robert D. Klausner 10059 Northwest 1st Court Plantation, Florida 33324
Dear Mr. Klausner:
On behalf of the Mayor, Sheriff, Clerk of Courts, Tax Collector, Property Appraiser, and Supervisor of Elections of the Consolidated Government of the City of Jacksonville, you ask the following questions:
1. Is the Mayor of the Consolidated City of Jacksonville eligible for membership in the Elected Officers' Class of the Florida Retirement System under section 121.052(2)(d), Florida Statutes?
2. Are the Sheriff, Clerk of Courts, Tax Collector, Property Appraiser, and Supervisor of Elections eligible for membership in the Elected Officers' Class of the Florida Retirement System under section121.052(2)(d), Florida Statutes?
As your questions are interrelated, they will be answered together. The Division of Retirement of the Department of Management Services, which is charged with the administration of Chapter 121, Florida Statutes, has advised this office that it acquiesces in the request for an Attorney General's Opinion.
Section 121.052(2), Florida Statutes, provides for membership in the Elected Officers' Class of the Florida Retirement System. Paragraph (d) of the statute lists:
"Any constitutional county elected officer assuming office on or after July 1, 1981, including any sheriff, tax collector, property appraiser, supervisor of elections, clerk of the circuit court, county commissioner, school board member, or elected school board superintendent, or any elected officer of any entity with countywide jurisdiction assuming office on or after July 1, 1981, who, pursuant to general or special law, exercises powers and duties that, but for such general or special law, would be exercised by any of the constitutional county elected officers set forth in this paragraph, including the sheriff and clerk of the circuit court in a consolidated government with countywide jurisdiction unless such sheriff or clerk elected to continue to participate in a local retirement system."[1]
In considering your inquiry, a review of the history surrounding the enactment of the above provision appears to be helpful in determining the intent of the Legislature. In 1981, section 121.052, Florida Statutes, was amended to provide that on or after July 1, 1981, any county elected officer was authorized to participate in the Florida Retirement System's Elected State Officers' Class.[2] Subsequently, in 1986, the statute was amended to provide:
On or after July 1, 1981, participation in the Elected State Officers' Class shall be optional within the time provided herein for any constitutional county elected officer, including any sheriff, tax collector, property appraiser, supervisor of elections, clerk of the circuit court, county commissioner, school board member, or elected school board superintendent. In addition, any elected officer of any entity with county wide jurisdiction who, pursuant to general or special law, exercises power and duties that, but for said general or special law would be exercised by any of the aforementioned constitutional county elected officers, shall also be eligible for membership in the Elected State Officers' Class . . .[3]
This statute was amended again in 2002 to specifically authorize participation in the Elected State Officers' Class by the sheriff and clerk of the circuit court in a consolidated government with countywide jurisdiction, unless such sheriff or clerk elects to participate in the local retirement system.[4]
Article VIII, section 9, Florida Constitution 1885, which was carried forward in full force and effect by Article VIII, section 6(e), Florida Constitution, authorized the Legislature to establish a municipal corporation to be known as the City of Jacksonville. Pursuant to such authority, the Legislature enacted Chapter 67-1320, Laws of Florida, creating the consolidated City of Jacksonville. The Florida Supreme Court in Jackson v. Consolidated Government of City of Jacksonville,[5]
quoting the trial court, stated:
"The Jacksonville Consolidation Amendment is a special provision applying only to Duval County and giving the legislature power at any time to consolidate the county and the cities within it into a municipality."
In 1976, the Florida Supreme Court considered the nature of the office of the mayor of the consolidated government of the City of Jacksonville in determining whether the Governor had the constitutional authority to suspend such officer as a municipal officer or as a county officer. In Inre Advisory Opinion to the Governor Request of July 12, 1976,[6] the Florida Supreme Court held that the mayor was a county officer subject to the Governor's suspension power under Article IV, section 7(a), Florida Constitution, and section 112.49, Florida Statutes. The Court stated that by enacting section 112.49, the Legislature had recognized the unique nature of consolidated governments and the fact that some officials of such governments function as both county and municipal officials. Section112.49 provides that in such governments, any officer of such merged government who exercises the powers and duties of a county officer shall be deemed a county officer subject to suspension by the Governor. In addition, the Court stated that an examination of the Jacksonville charter leads to the conclusion that the mayor of the consolidated City of Jacksonville is a county officer subject to gubernatorial suspension.
The 1992 readoption of the Jacksonville charter in Chapter 92-341, Laws of Florida, recognizes that the consolidated government serves as both a municipal and a county government.[7] In addition, section 6.02 of Chapter 92-341 states that the mayor is a constitutional elected officer for purposes of Article II, section 8, Florida Constitution, the Ethics in Government provision.
As noted above, section 121.052(2)(d), Florida Statutes, extends participation in the Florida Retirement System's Elected Officers' Class to constitutional elected officers or to any elected officer of any entity with countywide jurisdiction who, pursuant to general or special law, exercises powers and duties that, but for the general or special act, would have been exercised by any of the county constitutional officers enumerated therein. The mayor, sheriff, clerk of courts, tax collector, property appraiser and supervisor of elections would appear to qualify under the above statutory provision, if not as constitutional county elected officers, then as elected officers of an entity with countywide jurisdiction. The sheriff, clerk, tax collector, property appraiser and supervisor all appear to be exercising powers of those offices established by the Constitution while the mayor would appear to exercise some of the authority that, but for the charter, would normally be exercised by a board of county commissioners.[8]
Thus, in the absence of contrary authority, these officers would appear to be entitled to participate in the Elected State Officers' Class for retirement in the Florida Retirement System. I note, however, the charter for the consolidated government of the City of Jacksonville provides:
"All officers and employees of the consolidated government employed after the effective date of the charter shall be members of the 1937 police and fire department pension fund of the City of Jacksonville, under the provisions of chapter 18615, Acts of 1937, as amended, or the 1937 pension fund for employees of the City of Jacksonville, under the provisions of chapter 18610, Acts of 1937, as amended, and such system shall be the retirement and pension for the consolidated government . . ."[9]
While it appears the mayor and other county officers would be eligible for Florida Retirement System participation under section 121.052(2)(d), Florida Statutes, the charter for the consolidated government of the City of Jacksonville clearly provides that all officers of the consolidated government shall be members of the city's pension fund. Section 16.04(a) of the Charter, however, provides a limited exception to section 16.01:
Notwithstanding the provisions of section 16.01 [of the charter]:
"(a) Any employee of the City of Jacksonville who is not in the civil service system of the city nor any elected or appointed officer of the city shall be required to become a member of the retirement and pension system of the City of Jacksonville, but any noncivil service employee or elected or appointed officer may elect to become a member of the retirement and pension system of the City of Jacksonville by filing a written notice of election with the trustees of the pension funds of the city retirement and pension system. Upon the filing of the notice of election, the membership of the officer or employee in any other public pension fund of which he may be a member shall terminate."
While the above provision does not require an officer of the consolidated government of the City of Jacksonville to become a member of the city retirement and pension system but rather allows such officers to elect to participate in such city retirement and pension plans, it is silent as to whether such officers may opt out of the city plan once they have elected to participate. This office, however, has generally deferred to the local government regarding the interpretation of its charter.
I would further note that in 2002, the Florida Legislature specifically amended section 121.052(2)(d), Florida Statutes, to permit the sheriff and clerk of the circuit court in a consolidated government with countywide jurisdiction to participate in the Florida Retirement System's Elected Officers' Class unless such officers elect to continue to participate in their local retirement system. As the sole consolidated government with countywide jurisdiction in Florida,[10] the consolidated government of the City of Jacksonville would appear to be subject to the provisions of the 2002 amendment authorizing the sheriff and clerk to participate in the state retirement system.[11]
Accordingly, I am of the opinion that section 121.052(2)(d), Florida Statutes, authorizes the mayor, property appraiser, tax collector, supervisor of elections, sheriff, and clerk of the court to participate in the Florida State Retirement System's Elected Officers' Class. The Charter for the Consolidated Government of the City of Jacksonville allows such officers to elect participation in Jacksonville's city retirement and pension system or the state retirement system. The sheriff and the clerk of the court, however, have been authorized by section121.052(2)(d), Florida Statutes, to elect to continue to participate in the city's plan or to elect coverage under the Florida Retirement System's Elected Officers' Class.[12]
Sincerely,
Charlie Crist Attorney General
CC/tgk
[1] See, Art. VIII, s. 1(d), Fla. Const., listing county officers as "a sheriff, a tax collector, a property appraiser, a supervisor of elections, and a clerk of the circuit court"; and Art. VIII, s. 1(e), Fla. Const., providing for the board of county commissioners to be the governing body of the county except when otherwise provided by county charter.
[2] See, s. 2, Ch. 81-214, Laws of Fla., creating s. 121.052(1)(g), Fla. Stat. 1981.
[3] Section 8, Ch. 86-180, Laws of Fla.
[4] Section 4, Ch. 02-273, Laws of Fla.
[5] 225 So.2d 497 (Fla. 1969).
[6] 336 So.2d 97 (Fla. 1976).
[7] Sections 1.01(a) and (b), Ch. 92-341, Laws of Florida. And see, s. 18.02, Ch. 92-341, Laws of Fla., stating that for purposes of general law, the consolidated government constitutes a county and a municipality.
[8] See, e.g., s. 8.01, Ch. 92-341, Laws of Fla., stating that the sheriff shall be responsible for the performance of duties imposed on the sheriff of Duval County by the Constitution or by the general or special laws of the state; s. 12.06, Ch. 92-341, supra, stating that the office of the clerk of the circuit and county court shall continue and all general and special laws not in conflict continue in full force; s. 10.01, Ch. 92-341, supra, stating that the property appraiser is responsible for assessing all real and personal property in Duval County and shall perform all duties imposed by general or special law on the property appraiser of Duval County; s. 11.01, Ch. 92-341, supra., stating that the tax collector shall be responsible for the collection of all taxes, fees, service charges and other revenues due the consolidated government and shall perform all duties imposed by general or special law on the tax collector of Duval County; and s. 9.01, Ch. 92-341, supra, stating that the supervisor of elections shall be responsible for maintaining the rolls of qualified voters of the consolidated government and for conducting elections and shall perform all duties imposed by general or special law on the supervisor for Duval County. And see, s.6.04, Ch. 92-341, supra, stating:
"The executive power of the consolidated government . . . is vested in the mayor who is the chief executive and administrative officer of the consolidated government. He shall be responsible for the conduct of the executive and administrative departments of the consolidated government. The mayor shall administer, supervise, and control all departments and divisions created by this charter and all departments and divisions created by the council . . ."
See also, s. 4.02, Ch. 92-341, supra, stating that all powers and duties of the consolidated government that are legislative in nature shall be exercised by the council while all powers and duties of the consolidated government that are executive in nature shall be exercised by the mayor or his designee.
[9] See, s. 18.01, Ch. 67-1320, Laws of Fla., and s. 16.01, Ch. 92-341, Laws of Fla.
[10] See, Morris, The Florida Handbook, 2002-2003 edition, p. 238.
[11] See, e.g., Ervin v. Peninsular Telephone Company, 53 So.2d 647
(Fla. 1951) (Supreme Court has duty in construction of statutes to ascertain Legislature's intention and effectuate it); State v. Webb,398 So.2d 820 (Fla. 1981) (legislative intent is the polestar by which the courts must be guided).
[12] I would note that s. 121.052(5)(d), Fla. Stat., was amended in 1999, to allow an existing member of the Florida Retirement System who serves as the elected mayor of a consolidated government, which by its charter has chosen status as a municipality, to elect membership in the Florida Retirement System's Elected Officers' Class for the duration of the term of office. See, s. 33, Ch. 99-255, Laws of Fla.